.McSwigan et al. *v.* Bove, Appellant.

Argued March 23, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Mario L. Bove,* appellant, in propria persona.

*J. Roland Johnston,* with him *John E. Laughlin, Jr.* and *Thorp, Bostwick, Reed & Armstrong,* for appellees.

PER CURIAM, April 12, 1948:

The bill of complaint alleges that one Miljus, in 1929, borrowed from the Pennsylvania Trust Company the sum of $10,000 for the repayment of which he executed to the Company his promissory note, collaterally secured by a $10,000 bond and mortgage on premises 5606 Penn Avenue, Pittsburgh, which Miljus owned. The bond and mortgage named A. B. McSwigan as obligee and mortgagee and were assigned by the latter to the Trust Company for the purpose stated; no consideration passed from or to McSwigan, who acted merely as a conduit in the transaction. Miljus gradually reduced the indebtedness on the note so that by 1933 there was owing thereon only the sum of $60; for this amount he executed a renewal note to the Trust Company secured by the same bond and mortgage as the original note. In 1933 the Trust Company went into receivership and in 1945 the

Receiver, with the approval of the court, sold the Miljus note of $60 at public sale to defendant Mario L. Bove and with it assigned and delivered to him the collateral bond and mortgage. Meanwhile, in 1931, Miljus had conveyed the mortgaged premises to plaintiff Genevieve McSwigan. In 1946 she, through an agent, tendered to defendant the sum of $107 in payment of the note and the accrued interest thereon, and demanded an assignment of the collateral bond and mortgage. He refused the tender, being apparently of the mistaken belief that he could recover the amount of the bond and mortgage independently of, and in addition to, the amount due on the note for which they had been given as collateral security. The bill of complaint prayed that defendant be enjoined from foreclosing the mortgage, and that, upon payment into court of the sum of $107, he be required to satisfy the mortgage of record and surrender and deliver to plaintiff the bond and the $60 note.

Defendant's answer to the bill, obviously prepared without benefit of counsel, is ambiguous, contradictory, and wholly inadequate as a defense. It is averred therein that defendant has no knowledge of the statements contained in the bill, but it is not alleged that he made due inquiry to obtain such knowledge; consequently the statements in the bill must be taken as admitted: Equity Rule 52; *Cameron v. Carnegie Trust Co.*, 292 Pa. 114, 118, 119, 140 A. 768, 770; *Hanley v. Stewart*, 155 Pa. Superior Ct. 535, 537, 39 A. 2d 323, 325. In an amended answer it is averred that the bond and mortgage in question, although purportedly signed by Miljus, were not in fact executed by him; if this be so it is difficult to understand how, in any event, there could be any recovery thereon. The amended answer further states that the assignment of the bond and mortgage were made as collateral security for indebtedness of A. B. McSwigan and others and not for the debt of Miljus; this also would obviously preclude any recovery thereon by defendant since he does not claim that he purchased from

the Receiver any obligations of A. B. McSwigan or others for which the bond and mortgage were, as he alleges, given as security.

At a hearing held by the court the averments of the bill were placed in evidence. Defendant offered merely the $60 note, the bond and mortgage, their assignment to him by the Receiver, and some notes of another person not shown to have any relevancy to the transactions in suit. Accordingly the court below properly entered the decree prayed for in the bill of complaint.

Decree affirmed, costs to be paid by defendant.